# Wytheville.

## NEWBERRY v. SHEFFEY, COMMISSIONER.

### July 6th, 1892.

1. JUDGMENT—*Forthcoming bond—Service of process.*—Under Code, § 3396, judgment on a forthcoming bond may be had against the sureties, though the principal has never been served with notice of the motion.
2. RES JUDICATA.—By decree of sale of land for partition, it had been adjudicated that the purchaser's wife's share therein should be credited on the purchase-money due from him; and judgment had been had against his sureties, execution issued, and forthcoming bond taken for the deferred payment, and those sureties moved the court to continue the motion for judgment on the forthcoming bond until the amount of the credit should be determined and applied.

HELD:

> The motion was properly overruled, because the rights of the parties, so far as the proceeding at law was concerned, had been settled by the judgment.

3. IDEM—*Res judicata.*—By decree in the equity suit the sum of $2,000, owing purchaser from a sub-purchaser of part of the land, was directed to be credited on the forthcoming bond, instead of on account of his former purchase of the same land, and the matter was *res judicata*, and not open to review on the writ of error to said judgment.

Error to judgment of circuit court of Smyth county, rendered December 16th, 1889, on a motion for judgment and award of execution on a forfeited forthcoming bond, wherein J. P. Sheffey, receiver, was plaintiff, and Harman Newberry and others were defendants. The judgment being adverse to the defendants, they obtained a writ of error and *supersedeas*. Opinion states the case.

*J. H. Fulton*, for plaintiff in error.

*J. P. Sheffey*, for defendant in error.

LEWIS, P., delivered.the opinion of the court.

In 1875, under a decree of the circuit court of Smyth county, in the suit of *Tate* v. *Tate's Executor and Others,* one Franklin Grayson became the purchaser of certain real estate, known as the " mill " tract, for $18,000. He made the cash payment, and executed bonds for the deferred payments, with E. J. McCarty and John G. Cecil as his sureties. These bonds not having been paid at maturity, judgments were duly recovered upon them, and subsequently there was a decree for a re-sale. At the re-sale the land was sold to James C. Buchanan for $12,000, who complied with the terms of sale. The land, as will thus be seen, sold for considerably less than it brought at the first sale, leaving a large deficiency due upon the judgments obtained against Grayson and his sureties above mentioned.

The sale was reported to the court, and, by consent of parties, Grayson was substituted as purchaser in the place of Buchanan, and he complied with the terms of sale by making the required cash payment, and executing bonds for the deferred payments, with the appellants as sureties. The court confirmed the sale, and by consent of Mrs. Grayson, wife of the purchaser, it was ordered that her interest, as one of the heirs and distributees of John B. Tate, deceased, be credited on the purchase-money due by Grayson and his sureties, McCarty and Cecil, on account of the first sale. This interest, as shown by the report of a commissioner, subsequently made, amounted to the sum of $2,183.85.

Grayson again defaulted in the payment of the bonds for the second sale, and a judgment was obtained upon them in the name of John P. Sheffey, as a commissioner of the court. Upon this judgment an execution issued, which was levied on the property of the sureties, who thereupon executed a forthcoming bond, which was duly returned, and afterwards forfeited. Subsequently the plaintiff in the judgment, the

appellee here, gave notice of a motion for an award of execution on the forthcoming bond, which was served on all the obligors in the bond, except the principal, Grayson. The court entered judgment on the motion against all the defendants who had been served with notice, but, at a subsequent day of the same term, the judgment was set aside; whereupon the defendants moved to quash the motion for an award of execution, on the ground (1) that the plaintiff in the motion had no authority to proceed on the forthcoming bond; and (2) because Grayson, the principal in the bond, had not been served with notice of the motion. But the court overruled the motion to quash; whereupon the defendants moved to continue the motion until certain alleged equities of the defendants could be ascertained in the equity suit in which the land had been sold. The court, however, overruled the motion, and gave judgment on the first motion above mentioned for the plaintiff, to which judgment a writ of error was awarded by one of the judges of this court.

The first assignment of error is, that it was error to award execution on the forthcoming bond without having the principal in the bond before the court. But there is nothing in this objection. The statute provides that "where, in any action against two or more defendants, the process is served on part of them, the plaintiff may proceed to judgment as to any so served, and either discontinue it as to the others, or, from time to time, as the process is served as to such others, proceed to judgment as to them, until judgments be obtained against all." Code, sec. 3396.

It is true a forthcoming bond, which has been returned and forfeited, has the force of a judgment, and that the proceeding was for an award of execution; still the proceeding was within the operation of the statute, as the court below held.

We are also of opinion that there was no error in the refusal to continue the case, to await the determination of certain

alleged equities in the chancery suit mentioned. The principal of these matters was the interest of Mrs. Grayson in the estate of John B. Tate, deceased. But that matter had been adjudicated, as we have already seen, by directing the interest to be credited on Grayson's indebtedness for the first sale, and for which McCarty and Cecil were sureties. Besides, the rights of the parties, so far as the proceeding at law was concerned, had been settled by the judgment; and the same remark applies to all the remaining assignments of error by the appellants.

The appellee assigns as error the action of the circuit court in directing a payment of $2,000 by T. T. Taylor, on account of his purchase of a part of the land from Grayson, to be credited on the forthcoming bond, instead of on account of Grayson's original purchase. But this was done by a decree rendered in the equity suit, which is not now open to review on this writ of error.

The judgment must, therefore, be affirmed.

JUDGMENT AFFIRMED.